UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAM LOUIE, <br><br> Plaintiff, <br><br> v. <br><br> PIAGGO GROUP AMERICAS, INC., <br><br> Defendant. | CASE NO. C18-0979JLR <br><br> ORDER TO SHOW CAUSE |

The court has reviewed Defendant Piaggio Group Americas, Inc.'s ("Piaggio") notice of removal and finds an insufficient basis for subject matter jurisdiction. (*See* Not. of Rem. (Dkt. # 1).) The court therefore ORDERS Piaggio to show cause within fourteen (14) days why this matter should not be remanded for lack of subject matter jurisdiction.

Piaggio asserts that the court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (*See id.* at 2-3.) Section 1332 provides that the district courts "shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000[.00] . . . and is between citizens of different states." 28 U.S.C. § 1332. The removing defendant must show that the amount in controversy exceeds $75,000.00.[1] *See* 28 U.S.C. §§ 1332(a), 1446(c); *Geographic Expeditions, Inc. v. Estate of Lhokta*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). In general, the defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, --- U.S. ---, 135 S. Ct. 547, 553-54 (2014). If the court questions the removing defendant's allegations regarding the amount in controversy, however, the defendant must demonstrate by a preponderance of the evidence that more than $75,000.00 is in controversy. *See id.* (citing 28 U.S.C. § 1446(c)(2)(B)); *Geographic Expeditions*, 599 F.3d at 1106-07 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)). Here, the court questions the sufficiency of Piaggio's allegations about the amount in controversy.

Mr. Louie's lawsuit arises from mechanical problems with a used Vespa scooter he purchased on October 5, 2015. (Compl. (Dkt. # 1-2) ¶¶ 2.3-2.10.) Mr. Louie brings claims against Piaggio for negligence (*id.* ¶¶ 3.1-3.4); violation of Washington's Auto Dealers Act, RCW ch. 46.70 (*id.* ¶¶ 3.5-3.9); violation of Washington's Consumer Protection Act, RCW ch. 19.86, *et seq.* (*id.* ¶¶ 3.10-3.12); and false, deceptive, and misleading advertising (*id.* ¶¶ 3.13-3.14). Piaggio contends that based on its counsel's

---

[1] Piaggio improperly shifts its burden to Plaintiff Sam Louie by inviting him to "advise the [c]ourt" if the amount in controversy is not met. (*See* Not. of Rem. at 3 ("If Piaggio's assessment of the alleged damages is incorrect, Piaggio welcomes [Mr. Louie] to advise the [c]ourt otherwise.").)

experience defending similar claims and prior discussions with Mr. Louie's counsel, Piaggio is "confident" that more than $75,000.00 is in controversy. (Not. of Rem. at 3.) The court is not as confident. Even though some of Mr. Louie's claims allow him to recover treble damages, it is not clear that—even when tripled—the damages stemming from repair costs for a used scooter exceed $75,000.00. In addition, Piaggio incorrectly includes prejudgment interest in its calculation. (*See id.*); 28 U.S.C. § 1332(a) (stating that the amount in controversy is "exclusive of interest and costs"). For those reasons, the court questions whether this lawsuit implicates an amount exceeding $75,000.00.

Thus, the court ORDERS Piaggio to show cause why the court should not remand for lack of subject matter jurisdiction. Piaggio must file its response within fourteen (14) days of the date of this order. Mr. Louie may, but is not required to, respond by the same date. If Piaggio fails to respond or otherwise demonstrate the required amount in controversy, the court will remand this matter to King County Superior Court.

Dated this 19th day of July, 2018.

JAMES L. ROBART
United States District Judge